### Ira J. St. Onge et al., Appellees, v. Springfield Fire & Marine Insurance Company, Appellant.

#### Gen. No. 6,347.    (Not to be reported in full.)

Appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917.

### Statement of the Case.

Action by Ira J. St. Onge and Agnes A. St. Onge, plaintiffs, against Springfield Fire & Marine Insurance Company, defendant, to recover upon a policy of insurance for $2,000 for a loss. From a judgment for plaintiffs for $2,266.66, defendant appeals.

Most of the questions involved were disposed of in the case of *St. Onge v. Hartford Fire Ins. Co., ante,* p. 127, concerning the same stock of merchandise and same fire loss.

SEYMOUR EDGERTON, BARGER & HICKS and J. B. & J. L. OAKLEAF, for appellant.

SEARLE & MARSHALL and BOLLINGER & BLOCK, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 280*—*when additional fire insurance is permitted by acts of agent.* Where an insurance agent issued to a party a policy of fire insurance upon his stock of goods which provided that other insurance was not permitted, the agent knowing at the time that other insuranec was already on the goods, and the insured believing such policy permitted other insurance as he intended, and the agent retained possession of the policy for such party at his request for safe-keeping and insured did not see the policy until after the fire, *held* that the agent understood and meant by delivering such policy to permit other insurance without limitation on the amount thereof, and such policy would not be invalidated by the issuance of a subsequent policy by another company.

2. INSURANCE, § 654*—*when evidence as to additional fire insurance is immaterial.* Where additional insurance was permitted in a fire policy, *held* that it would be immaterial in an action on such policy for a loss whether other insurance was in force when the policy was issued or that other insurance was issued thereafter and canceled before the loss, and that there was no error in refusing to admit evidence as to such other insurance.